**In re REQUEST FOR INSTRUCTIONS FROM DISCIPLINARY COUNSEL.**

No. 92–334–M.P.

Supreme Court of Rhode Island.

June 25, 1992.

Mary M. Lisi, Chief Disciplinary Counsel, for petitioner.

## OPINION

PER CURIAM.

On June 15, 1992, Mary Lisi, Chief Disciplinary Counsel (Disciplinary Counsel) for the State of Rhode Island requested this court for instructions concerning disclosure of information that had come into her possession which might well have an effect upon the validity of a conviction for rape that had taken place in another jurisdiction. This information had come to Disciplinary Counsel through a Rhode Island attorney (attorney) who had represented the alleged rape victim (victim) in the initial stage when she was considering an action for damages arising out of the sexual assault. The attorney had come to the office of Disciplinary Counsel in order to obtain an opinion concerning his responsibility to disclose information that might have a bearing on the criminal trial.

Essentially this information consisted of a signed contingent fee agreement which had been entered into between the attorney and the victim pursuant to which the attorney agreed to represent the victim in a civil action and to be compensated contingent upon a successful recovery of damages from the perpetrator of the sexual assault. This contingent fee agreement was signed by the victim and witnessed by both her parents.

The attorney attended the initial stages of jury selection incident to the criminal trial, but was precluded from further attendance by his client on suggestion of counsel for the prosecution. During the course of the trial in the other state, the attorney learned from news media and local sources that the victim did not fully disclose the nature and extent of her contingent fee agreement of representation with him.

This information, though not fully conclusive, caused the attorney to seek advice from Disciplinary Counsel concerning his ethical obligation of disclosure to the trial court of information that might have a bearing upon the outcome of the trial. He suggested to disciplinary counsel that he was far from certain that his client had testified falsely and he was concerned about his obligation to disclose or not to disclose pursuant to Rule 1.6 of the Rules of Professional Conduct adopted by this court. This rule generally requires that a lawyer shall not reveal information relating to representation of a client without the

client's consent. Disciplinary Counsel informed the attorney that he had an affirmative obligation to ask his client to correct any false testimony and if she declined, he had a duty to apprise the court that such testimony may have been false. *See Nix v. Whiteside,* 475 U.S. 157, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986).

Further, Disciplinary Counsel advised the attorney to seek to obtain a transcript of the victim's testimony relating to his representative relationship with the victim and her parents. Before the attorney obtained the transcript of the pertinent portion of this testimony, the defendant in the rape case had been found guilty by the jury. The attorney reviewed the transcript of this portion of the testimony and reported to Disciplinary Counsel that his examination of his former client's testimony did not disclose to him with certainty whether or not the client had committed perjury. It should be noted that prior to his obtaining the transcript of testimony, the attorney had been discharged by the former client and, therefore, no longer represented her in connection with any possible civil action.

Disciplinary Counsel suggested to the attorney that he might seek an opinion from the Ethics Advisory Panel concerning his obligation of confidentiality to his client and his obligation to the out-of-state tribunal to give information concerning possible false testimony. Although the attorney indicated in late April of 1992 that he would seek such an opinion, he did not do so. He later advanced as a reason his fear that the publication of such an opinion would have thrust the entire matter into the public domain whether or not the panel ordered disclosure. He did provide Disciplinary Counsel with a copy of the transcript of the victim's testimony and that of her father concerning the attorney's professional relationship with the victim.

After reviewing the transcript, Disciplinary Counsel construed the testimony as indicating that the victim had no firm concept of her financial relationship with the attorney. Disciplinary Counsel construed her testimony as indicating that she did not know what a retainer meant and did not know if her parents had a fee arrangement with the attorney. The victim further testified, in Disciplinary Counsel's opinion, that she did not have a contingent fee arrangement and only paid for the attorney's flights and expenses to the out-of-state location of the trial. Further, Disciplinary Counsel examined the father's testimony and was of the opinion that he stated that the attorney's function was to help in dealing with the media, that he did not understand what a contingent fee agreement was and that he had only agreed to pay for the attorney's expenses. When questioned about the prospect of a civil suit against the perpetrator of the sexual assault, the father indicated that the family had not yet considered that issue.

Disciplinary Counsel researched the applicable law and concluded that the attorney had an obligation to report to the criminal trial judge the fact of his contingent fee agreement with the victim and that such a fee agreement was not privileged from disclosure. She doubted, however, that the attorney intended to make such disclosure in the foreseeable future and, therefore, petitioned this court for instructions concerning her obligation in the circumstances.

After receiving the request for instructions from Disciplinary Counsel, this court examined the materials compiled by Disciplinary Counsel and also requested the attorney to come before the court so that further information might be obtained from this member of the Rhode Island bar. He did so on June 23, 1992. The attorney answered all questions put to him by members of the court. He confirmed that he had in his possession a contingent fee agreement with the victim. He disclosed that his relationship with the victim had been terminated by discharge. He further stated that he had delivered the numerous documents developed during his representation to the victim's mother for delivery to new counsel, on victim's written request.

The attorney disclosed to the court that he was extremely troubled by his former client's testimony on the subject of his civil representation and contingent fee agreement, but he was not even now convinced

that his former client had committed perjury. He stated that in his opinion he was unable to determine whether his former client's testimony was false or whether the questions put to her simply failed to probe the issue with sufficient specificity in order to elicit the desired information. He stated that he believed that he had an ethical dilemma in which he was caught between his obligation to disclose relevant information to the criminal trial court and his obligation of confidentiality to his former client. He described the anguish which this dilemma had caused him during the past several months.

After carefully considering the information disclosed to us in the petition for instructions from Disciplinary Counsel dated June 15, 1992, and considering the supplementary information disclosed by the attorney on June 23, 1992, we are of the opinion that disclosure of all information available should be made to the criminal trial court. It is not the function of this court to determine whether the victim in the rape trial testified falsely or whether defense counsel failed fully to explore the issue in examination of the victim. It also is not our function to determine whether counsel for the prosecution knew or should have known of the contingent fee agreement. However, we are of the opinion that the existence of the contingency fee agreement should have been made known to the trial court and that its existence might well have had a bearing upon the jury's determination. Unfortunately, the trial was long concluded before this set of circumstances was brought to our attention.

Nevertheless, we now respond to the request for instructions from Disciplinary Counsel by directing her to disclose forthwith to the trial judge all information which she presently has in her possession relating to the contingent fee agreement and the victim's testimony and that of her father which related to their representation by the attorney.

We are of the opinion that under Rhode Island Rules of Professional Conduct relating to attorneys and counselors, the attorney had an obligation to disclose the existence of his contingent fee agreement to the criminal trial court. We believe that this obligation under the Rules of Professional Conduct superseded his obligation of confidentiality toward his client. We, therefore, instruct the attorney that his obligation to assist in the administration of justice would require his disclosure of relevant information to the criminal trial court as well.

For the reasons heretofore stated, we respond to Disciplinary Counsel's request for instructions by ordering disclosure of relevant information in her possession to the criminal trial court and further instruct the attorney that he has an obligation of disclosure under the Rules of Professional Conduct.

KELLEHER, J., did not participate.